IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| JIMMY IVAN SANCHEZ LOPEZ,<br><br>Petitioner,<br><br>vs.<br><br>ROB JEFFREYS, Director of Nebraska Department of Correctional Services; KRISTI NOEM, Secretary of the U.S. Department of Homeland Security; PAMELA BONDI, Attorney General of the United States; TODD M. LYONS, Acting Director of United States Immigration and Customs Enforcement; PETER BERG, Field Office Director St. Paul Field Office of United States Immigration and Customs Enforcement; and ALLEN GILL, Field Office Director of Omaha Field Office of United States Immigration and Customs Enforcement;<br><br>Respondents. | 4:25CV3241<br><br>**ORDER TO SHOW CAUSE** |

  This matter is before the Court on Petitioner's Petition for Writ of Habeas Corpus. (Filing No. 1.) Petitioner alleges he was arrested at the Hall County Department of Corrections in Grand Island, Nebraska by United States Immigration and Customs Enforcement (ICE) after serving a 30-day sentence of incarceration for driving under revocation, first offense. (Filing No. 1.) He alleges he remains in detention in the custody of ICE, which is a division of the Department of Homeland Security (DHS). (Filing No. 1.) Petitioner believes he was arrested without a warrant in violation of 8 U.S.C. § 1226, thereby rendering his detention illegal. (Filing No. 1.) Petitioner further alleges he requested a bond hearing before an immigration judge pursuant to § 1226, but

this request was denied on November 18, 2025. (Filing No. 1.) He also claims he is not subject to mandatory detention under § 1226(c)(1). (Filing No. 1.) Petitioner has an individual hearing scheduled before the Omaha Immigration Court on December 18, 2025. (Filing No. 1.)

Petitioner asks the Court to, among other things, order Respondents to show cause why this Petition should not be granted within three days. (Filing No. 1.) "A court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. "The writ, or order to show cause shall be directed to the person having custody of the person detained. It shall be returned within three days unless for good cause additional time, not exceeding twenty days, is allowed." *Id.* "The person to whom the writ or order is directed shall make a return certifying the true cause of the detention." *Id.* "When the writ or order is returned a day shall be set for hearing, not more than five days after the return unless for good cause additional time is allowed." *Id.*

The Court cannot say from the face of the application that Petitioner is not entitled to relief. Accordingly, it orders Petitioner to serve his petition and a copy of this Order on Respondents forthwith and file proof of service with the Court. Thereafter, Respondents shall show cause why Petitioner's writ should not be granted, Petitioner may reply, and the Court will hold a hearing on the matter. The Court finds the need to serve Respondents, and the complexity of the legal issues, constitute good cause for the briefing schedule to the extent it allows a response outside the three day return on show cause order provided in 28 U.S.C. § 2243.

Further, the Court finds cause to preserve the status quo and the Court's jurisdiction by ordering that Petitioner may not be removed from the United States or the District of Nebraska until further order of this Court. *See* 28 U.S.C. § 1651; *A.A.R.P. v. Trump*, 145 S. Ct. 1364, 1368 (2025) ("grant[ing] temporary injunctive relief" against removal "to preserve our jurisdiction" while adjudicating the merits).

Accordingly,

2

**IT IS ORDERED:**

1. Petitioner shall serve his Petition for Writ of Habeas Corpus (Filing No. 1) and a copy of this Order on Respondents and file proof of such service with the Court.
2. Respondents shall file a return on the Order to Show Cause why the Petition for Writ of Habeas Corpus should not be granted within three business days after Petitioner serves them.
3. Petitioner shall have three business days from the date of Respondents' response to file a reply.
4. The Court will thereafter set a prompt hearing on this matter.
5. Respondents shall not remove Petitioner from the United States or the District of Nebraska until further order of the Court.

Dated this 25th day of November, 2025.

BY THE COURT:

*Susan M Bazis*

Susan M. Bazis
United States District Judge