IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| JIMMY IVAN SANCHEZ LOPEZ,<br><br>Petitioner,<br><br>vs.<br><br>ROB JEFFREYS, Director of Nebraska Department of Correctional Services; KRISTI NOEM, Secretary of the U.S. Department of Homeland Security; PAMELA BONDI, Attorney General of the United States; TODD M. LYONS, Acting Director of United States Immigration and Customs Enforcement; PETER BERG, Field Office Director St. Paul Field Office of United States Immigration and Customs Enforcement; and ALLEN GILL, Field Office Director of Omaha Field Office of United States Immigration and Customs Enforcement;<br><br>Respondents. | 4:25CV3241<br><br>MEMORANDUM AND ORDER |

    This matter is before the Court on Petitioner Jimmy Ivan Sanchez Lopez's (Sanchez Lopez) Motion for Fees and Costs under the Equal Access to Justice Act (Filing No. 27) and the Federal Respondents'[1] Objection (Filing No. 28) to that motion. For the reasons discussed below, the Court will sustain the objection and deny Sanchez Lopez's motion.

---

    [1] The Federal Respondents include all but Director of Nebraska Department of Correctional Services Rob Jeffreys. (Filing No. 17 at 3 n.1).

# BACKGROUND

Sanchez Lopez, a Salvadoran citizen, was detained by U.S. Immigrations and Customs Enforcement (ICE) following his arrest for driving under revocation in October 2025. (Filing No. 1 at 2). After being transferred to the Nebraska Department of Correctional Services facility in McCook, Nebraska and having his request for release on bond denied by the immigration judge, he filed a petition for a writ of habeas corpus with this Court. (Filing No. 1). He sought immediate release, or in the alternative, an order directing the immigration court to provide him with a bond hearing, along with attorney's fees and costs under the Equal Access to Justice Act (EAJA) if he prevailed. (Filing No. 1 at 21-22).

The Federal Respondents responded to Sanchez Lopez's petition, arguing that he was subject to mandatory detention under 8 U.S.C. § 1225(b)(2). (Filing No. 17). The Court concluded that Sanchez Lopez was entitled to a bond hearing because "[8 U.S.C.] § 1226(a), not § 1225(b), applies to a noncitizen like Sanchez Lopez who is detained within the United States." (Filing No. 24 at 8).[2] As for his request for fees and costs under the EAJA, the Court noted that he could "move separately within thirty days of final judgment in this action to recover them." (Filing No. 24 at 9 n.4) (citing 28 U.S.C. § 2412(d); 5 U.S.C. § 504). Sanchez Lopez timely did so (Filing No. 27), and the Federal Respondents objected. (Filing No. 28).

# DISCUSSION

The EAJA requires an "award to a prevailing party . . . [of] fees and other expenses . . . incurred by that party in any civil action . . . unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d). At the outset, the Federal Respondents do not appear to dispute—nor could they, in the Court's view—that Sanchez Lopez is a "prevailing party." Instead, they focus their arguments on the second prong—that their position was "substantially justified." (Filing No. 28 at 1).

Substantially justified means "justified to a degree that could satisfy a reasonable person." *Bah v. Cangemi*, 548 F.3d 680, 683 (8th Cir. 2008) (quoting *Pierce v. Underwood*, 487 U.S. 552, 565 (1988)). A substantially justified position need not be correct so long as "a reasonable person

---

[2] After this Court entered its order, the immigration judge held a bond hearing and granted Sanchez Lopez's request for release on bond. (Filing No. 26 at 1).

could think it correct, that is, if it has a reasonable basis in law and fact." *Id.; see also Brouwers v. Bowen*, 823 F.2d 273, 275 (8th Cir. 1987) (holding that the government's position must be "clearly reasonable, well founded in law and fact, solid though not necessarily correct"). The government may also be justified in litigating a legal question that is unsettled in this circuit. *See Cornella v. Schweiker*, 741 F.2d 170, 172 (8th Cir. 1984). The government bears the burden of showing that its position was substantially justified. *Bah,* 548 F.3d at 684 (citing *Friends of the Boundary Waters Wilderness v. Thomas*, 53 F.3d 881, 885 (8th Cir. 1995)).

      The Court concludes that the Federal Respondents have carried that burden here. The legal question of whether § 1225(b) or § 1226(a) applies to noncitizens detained within the United States like Sanchez Lopez is, by all measures, "unsettled" in the Eighth Circuit. While a case raising the issue, *Avila v. Bondi*, 2025 WL 2976539 (D. Minn. Oct. 21, 2025), is before the Eighth Circuit on expedited review, the court has not yet issued a decision. And as the Federal Respondents point out, district judges in this circuit—and even within this district—have reached different conclusions. *See, e.g., Barrajas v. Noem*, 2025 WL 2717650 (S.D. Iowa Sept. 23, 2025) (holding that § 1226(a) applies); *Mejia Olalde v. Noem*, 2025 WL 3131942 (E.D. Mo. Nov. 10, 2025) (holding that § 1225(b) applies); *Vargas Lopez v. Trump*, 802 F. Supp. 3d 1132 (D. Neb. 2025) (Buescher, J.) (similar).

      Though this Court found the Federal Respondents' arguments unavailing, it cannot go so far as to say that they lacked a "reasonable basis in law and fact,"[3] particularly when they were made "in such an open area of the law[.]" *Bah*, 548 F.3d at 684.

---

[3] The EAJA requires courts to consider the government's conduct leading up to the litigation in addition to its subsequent conduct. *See* 28 U.S.C. § 2412(d)(2)(D) (defining "position of the United States" as not only "the position taken by the United States in the civil action, [but also] the action or failure to act by the agency upon which the civil action is based"). For similar reasons, the Court concludes that the Federal Respondents' pre-litigation conduct was substantially justified. The issue of whether § 1225 or § 1226 applies to noncitizens detained within the United States turns on the interpretation of a complicated statutory scheme. Given the executive branch's "greater immigration-related expertise" and the respect the Court affords "the serious administrative needs and concerns inherent in the necessarily extensive" efforts to enforce our nation's immigration laws, the Court cannot say that the Federal Respondents' pre-litigation decision to treat Sales Ambrocio as being subject to mandatory detention under § 1225, while not ultimately correct in this Court's view, lacked a reasonable basis in law or fact. *Zadvydas v. Davis*, 533 U.S. 678, 700 (2001).

In sum, though Sanchez Lopez was a "prevailing party" within the meaning of § 2412(d), the position of the United States in this case was substantially justified. Accordingly,

**IT IS ORDERED:**

1. Petitioner Jimmy Ivan Sanchez Lopez's Motion for Fees and Costs under the Equal Access to Justice Act ([Filing No. 27](#)) is denied.
2. The Federal Respondents' Objection to Award of Attorneys' Fees and Costs ([Filing No. 28](#)) is sustained.

Dated this 5th day of February, 2026.

BY THE COURT:

_____
Susan M. Bazis
United States District Judge